

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 5, 1961

Mr. Frank M. Jackson
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Opinion No. WW-1211

Re: Whether any of the agencies
included in the Teacher
Retirement System have
the power to contract for
purchase of annuities
for their employees under
the provisions of Sec-
tion 403 (b) of the
Internal Revenue Code
and related questions.

Dear Mr. Jackson:

You have requested an opinion from this office
on the following questions:

"Do any of the agencies included
in the Teacher Retirement System have
the power to contract for the purchase
of annuities for their employees under
the provisions of Section 403 (b) of
the Internal Revenue Code?

"In the event that your answer
to this question is in the affirmative,
would the 6% contribution to the
Teacher Retirement System be based on
the salary including or excluding the
deduction made for the purchase of
such annuity?

"In the event that your answer to
the first question is in the affirma-
tive, would the retirement benefits
paid by the Teacher Retirement System
be based on the salary including or
excluding the deductions made for the
purchase of such annuity?"

In regard to the questions posed, you mentioned
that the Teacher Retirement System includes the public
schools and institutions of higher education maintained

by the State of Texas and its political subdivisions, the Texas Education Agency, the Commission on Higher Education, some of the employees of some of the eleemosynary institutions, and the administrative office of the Teacher Retirement System itself. Your initial question deals with whether these various governmental bodies or agencies can contract for the purchase of annuities for their employees under the provisions of Section 403 (b) of the Internal Revenue Code, (U.S.C.A., Title 26, par. 403 (b).

Under such an arrangement the particular body or agency, as the employer, would divert or deduct a portion of the employee's salary to be used for the purpose of purchasing or making premium payments upon the employee's annuity. If the particular employer qualified as an exempt organization under Section 501 (c) (3) of the Internal Revenue Code (U.S.A.C., Title 26, par. 501 (c) (3), the employee would be able to avail himself of the benefits of a so-called "tax-sheltered annuity", and could deduct the premium payments upon the annuity from his taxable income. Participation in such a program on the part of the employee would be voluntary.

Section 1 (a) of Article 3.51 of the Insurance Code, Vernon's Civil Statutes, provides that:

"The State of Texas and each of its political, governmental and administrative subdivisions, departments, agencies, association of public employees, and the governing boards and authorities of each state university, college, common and independent school districts or of any other agency or subdivision of the public school system of the State of Texas are authorized to procure contracts insuring their respective employees . . .under a policy or policies of group health, accident, accidental death and dismemberment, and hospital surgical, and/or medical expense insurance. . . .The employees contributions to the premiums for such insurance . . .may be deducted by the employer from the employees salaries when authorized in writing by the

respective employees so to do. . . ."
(Emphasis added)

Section 1 of Article 3.50 of the Insurance Code, Vernon's Civil Statutes, provides that:

"No policy of group life insurance shall be delivered in this State unless it conforms to one of the following descriptions:

". . .

"(3) A policy issued to an incorporated city, town, or village, an independent scholl district, State colleges or universities, any association of State employees, any association of State, County and City, town or village employees, and any association of any combination of State, County or City, town or village employees, and any Department of the State Government which employer or association shall be deemed the policy holder to insure the employees . . . for the benefit of persons other than the policy holder subject to the following requirements:

". . .

"(b) The premium for the policy shall be paid by the policy holder wholly from funds contributed by the insured employees . . . and provided further, that the employer may deduct from the employees' salaries the required contributions for the premiums when authorized in writing . . ." (Emphasis added)

While Article 3.50 and Article 3.51 of the Insurance Code would allow the agencies included within the Teacher Retirement System to contract for group health, accident, accidental death and dismemberment, and hospital, surgical, and/or medical expense insurance and group life insurance for their employees, there is a complete lack of statutory authority for these governmental bodies or agencies to contract for the purchase of annuities for their employees.

In turn, the instant arrangement for the purchase of or premium payments upon such annuities contemplates a deduction being made from the employee's salary by the employer. While payroll deductions may be made for various classes of employees of the State of Texas and its political, governmental and administrative subdivisions, departments and agencies, for certain specified purposes (i.e. group life insurance, Article 3.50 of the Insurance Code, Vernon's Civil Statutes; group health, accident, accidental death or dismemberment, and hospital, surgical, and/or medical expense insurance, Article 3.51 of the Insurance Code, Vernon's Civil Statutes; purchase of United States Savings Bonds, Article 6252-3, Vernon's Civil Statutes; teacher retirement benefits, Article 2922-1, Vernon's Civil Statutes; and state employees retirement benefits, Article 6228a, Vernon's Civil Statutes), there is a complete lack of statutory authority for the agencies included within the Teacher Retirement System to make payroll deductions for the purpose of purchasing or making premium payments upon annuities for the employees of such agencies under the plan proposed in the instant case.

The Legislature of the State of Texas has uniformly specified under what circumstances and conditions the various state agencies and political subdivisions may enter into contracts whereby its employees may avail themselves of the benefits of certain insurance and retirement programs. In turn, the Legislature of the State of Texas has uniformly specified under what circumstances and conditions the various state agencies and political subdivisions may make payroll deductions from their employees' salaries. It necessarily follows that the authority of a state agency or political subdivision to contract for annuity benefits for its employees, as in the instant case, or to make payroll deductions from the salaries of its employees participating in such program must be based upon express statutory authority.

This position is further borne out by the language of the Supreme Court of Texas in Fort Worth Cavlary Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935), where it was held that:

"All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law,

Honorable Frank M. Jackson, page 5 (WW-1211)

> we mean the act of a public officer must be
> expressly authorized by law, or implied
> therefrom . . .It follows from the above
> that public officers may make only such
> contracts for the government they represent
> as they are authorized by law to make."

See also State v. Ragland Clinic-Hospital, 138 Tex. 393, 159 S.W.2d 105 (1942).

Also this office, in Attorney General's Opinion No. WW-1107 (1961), held that even when an employee of Dallas County requests and authorizes a payroll deduction to be paid to the Dallas County Employees Credit Union a deduction cannot legally be made unless specifically authorized by statute.

As such statutory authority is lacking in respect to the program set forth herein, we are of the opinion that, in the absence of statutory authority, the agencies included within the Teacher Retirement System can not contract for the purchase of annuities for their employees under the arrangement set forth herein. We are of the further opinion that, in the absence of statutory authority, the agencies included within the Teacher Retirement System can not make payroll deductions from the employees' salaries for the purpose of purchasing or making premium payments upon such annuities under the proposed plan.

Your initial question being answered in the negative precludes the necessity of commenting upon the second and third questions posed.

## SUMMARY

The agencies included within the Teacher Retirement System cannot, in the absence of statutory authority, contract for the purchase of annuities for their employees pursuant to the provisions of Section 403 (b) of the Internal Revenue Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Assistant

PB:kh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Henry Braswell
Martin DeStefano
Coleman Gay
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Bronwlee, Jr.